### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| JOHNNY CHILDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV-99-H-0980-NE |
| | ) |
| MIKE HALEY, COMMISSIONER of | ) |
| the ALABAMA DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OF DECISION

The complaint alleges that the defendant Commissioner of the Alabama Department of Corrections, Mike Haley, violated the federal guidelines of the Drug Treatment Program by removing the plaintiff from a dormitory for drug treatment inmates only and putting him in a dormitory with non-treatment inmates. The defendant's motion for summary judgement is ready for disposition.

#### Evidence

The defendant acknowledges that the Limestone Correctional Facility operates a residential drug program that is federally funded by the Office of Justice Programs, and that applicable federal guidelines require that such programs be conducted in a treatment unit apart from the general population. This plaintiff, however, is HIV positive, and he was housed in the special HIV unit at Limestone, which is currently an open bay facility set apart from the general prison population. The defendant explains:

Originally, HIV inmates who wished to participate in the residential drug treatment program

>were placed in the HIV "treatment" unit (Dormitory 7B) during the primary care phases of treatment. (Exh. A). The regular HIV population was housed in Dormitory 8 (Exh. A). However, due to a rise in the HIV inmate population, all HIV inmates were moved to the larger open bay facility (Dormitory #16) where they are currently housed. (Exh. A). HIV "treatment" inmates were placed in a partitioned off section within Dormitory 16. (Exh. A).
>
>The plaintiff first entered the residential drug treatment program on February 14, 1997. (Exh. A). The plaintiff was housed in the HIV "treatment" dormitory (#7B) during his drug treatment. (Exh. A). On July 12, 1997, the plaintiff completed the program and was still housed in the "treatment" dormitory #7B. (Exh. A).[1] On August 11, 1999, the plaintiff was released from custody (end of sentence) at the Limestone Correctional Facility. (Exh. C). On April 5, 2001, the plaintiff was again incarcerated at Limestone (Exh. A and C) for a parole violation.

*Defendant's Special Report*, p. 3. The plaintiff has not come forward with any conflicting evidence.

<u>Discussion</u>

The drug treatment program is made possible through a federal grant. 42 U.S.C. §§ 3750-3757. The defendant points out that there is no legislation creating a private right to sue for the violation of any of the regulations governing the program. Moreover, the plaintiff has not pointed to any specific constitutional right that is implicated in his claim. The failure to specify a constitutional violation leads into the defendant's next contention, which is that the plaintiff has not shown that the handling of his drug treatment was a violation of a clearly established constitutional right. In fact, the prison balanced the plaintiff's HIV status, which the prison had to do in order to protect non-HIV inmates, by segregating the drug-treatment inmates *within the HIV bay*. Finally, the plaintiff has produced no evidence that Haley was responsible for administering the drug treatment facility at Limestone or that Haley had any knowledge of what was happening to the plaintiff or to other inmates who were in the drug treatment program.

---

[1] The plaintiff's claim for injunctive relief is moot.

2

Wherefore, the defendant's motion for summary judgment is due to be granted. An appropriate order will be entered.

**DONE** this the   28th   day of September, 2005.

                                     *James H. Hancock*
                             SENIOR UNITED STATES DISTRICT JUDGE